I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By_____ SHEILA RASH
Deputy Clerk
Date ___ JUL 2 0 2007

E-filing

ORIGINAL
FILED
JUL 17 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUL 2 3 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

2:07-CV-1482 WBS KJM HC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BRINKLEY, | No. C 07-0350 MJJ (PR) |
| Petitioner, | **ORDER OF TRANSFER** |
| v. | |
| BEN CURRY, Warden, | **(Docket Nos. 2 & 4)** |
| Respondent. | |

ENTERED IN CIVIL DOCKET ___ JUL 17 2007

Petitioner, a California prisoner, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentenced obtained in 1983 in the Superior Court for the County of Sacramento.

Venue for a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); although petitions challenging a conviction are preferably heard in the district of conviction. See Habeas L.R. 2254-3(a); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968); cf. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (district of confinement best forum to review execution of sentence). The venue for Sacramento County, where petitioner was convicted, is the United States District Court for the Eastern District of California. See 28 U.S.C. § 84(b).

Because venue is preferred in the Eastern District, this case is TRANSFERRED to

G:\PRO-SE\MJJ\HC.07\brinkley.trn.wpd



the United States District Court for the Eastern District of California. See 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b). In light of this transfer, this Court will defer to the Eastern District for a ruling on the motion for appointment of counsel.

In light of petitioner's payment of the filing fee, the application for leave to proceed in forma pauperis is DENIED as moot.

The Clerk shall transfer this matter forthwith, and terminate Docket Nos. 2 & 4 from this Court's docket.

IT IS SO ORDERED.

DATED: 7 | 4 | 2007

MARTIN J. JENKINS
United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

FREDERICK BRINKLEY,

         Plaintiff,

  v.

BEN CURRY et al,

         Defendant.

_____/

Case Number: CV07-00350 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Frederick Brinkley
Correctional Training Facility F-332
Prisoner Id C-79499
P.O. Box 689
Soledad, CA 93960

Dated: July 17, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk

RECEIVED

07 FEB 12 PM 1:44

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

FEB 27 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FREDERICK BRINKLEY C-79499

P.O.BOX 689 F-332U

SOLEDAD,CA.93960-0689

C07- 350
mJJ

FEB 8,2007

OFFICE OF THE CLERK U.S.

DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

450 GOLDEN GATE AVE

SAN FRANCISCO, CA.94102

TO WHOM THIS MAY CONCERN: On Feb 2,2007,I sent a petition for writ of Habeas Corpus to your Court for filing. In doing so,I filled out the necessary trust withdrawal form (CDC-193) in the amount of $5.00 to pay the filing fee.

You sent a notice of deficieney on 1/18/87 stating I had done all I could to see to it that you received the filing fee with the original petition.

However I will go through the process again,I am writing this to serve as notice that on this day I filled out a CDC-193 form requesting the $5.00 be withdrawn from my account and forwarded to the Court.

Thank you for your consideration in this important matter.

Sincerely, *Frederick C. Brinkley*
Frederick Brinkley

**FILED**

JAN 1 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dear Sir or Madam:

Your petition has been filed as civil case number **C 07 0350**

**MJJ (PR)**

Your petition is deficient because:

1. ___✓___ You did not pay the appropriate filing fee of $5.00. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's In Forma Pauperis Application in its entirety.

2. _____ The In Forma Pauperis Application you submitted is insufficient because:

    _____ You did not use the correct form. You must submit this court's current Prisoner's In Forma Pauperis Application.

    _____ Your In Forma Pauperis Application was not completed in its entirety.

    _____ You did not sign your In Forma Pauperis Application.

    _____ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

    _____ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

    _____ Other _____

Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning:** If you do not respond within **THIRTY DAYS** from the filing date stamped above, your action will be dismissed and the file closed.

Sincerely,
RICHARD W. WIEKING, Clerk,

By _____
Deputy Clerk

rev. 4/01

*BRINKLEY*

FREDERICK BRINKLEY
POST OFFICE BOX 689
SOLEDAD, CALIFORNIA 93960

Petitioner in Pro Se

ORIGINAL FILED

JAN 18 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MJJ

FREDERICK BRINKLEY,
      Petitioner,

Vs.

BEN CURRY, Warden (A)
      Respondent

CASE NO. C 07 0350

MOTION FOR APPOINTMNET OF
COUNSEL ON HABEAS CORPUS

TO: THE CLERK OF THE ABOVE ENTITLED COURT:
    NOTICE IS HERBY GIVEN that the above named Plaintiff moves this court for an appointment of Counsel on Habeas Corpus.

    In support of this motion, Plaintiff does declare that he is indigent and has no viable means of retaining an attorney to provide representation on this appeal, and most strongly desire to have Counsel.

    I, declare under penalty of perjury that the foregoing is true and correct. And that this Declaration was excuted on this 4th day of January 2007, at Soledad, California.

RESPECTFULLY SUBMITTED

*Frederick C. Brinkley*

ORIGINAL

FILED JAN 18 2007
RICHARD W. WIEKING
NO. CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FREDERICK BRINKLEY
POST OFFICE BOX 689
SOLEDAD, CALIF. 93960

Petitioner in Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MJJ

FREDERICK BRINKLEY, )

             Petitioner )

                    )

                    )

v.                )

                    )

BEN CURRY, Warden )

             Respondent )

                    )

NO. C 07 03501 (PR)

PETITION FOR WRIT OF HABEAS CORPUS
AND MEMORANDUM OF POINT AND
AUTHORITIES IN SUPPORT THEREOF

[ 28 U.S.C. §2254 ]

Petitioner now moves this court with a Petition for Writ of Habeas Corpus to vacate a judgment rendered against petitioner and entered on or about October 31, 1983, in the Superior Court of the State of California for the County of Sacramento.

Petitioner appealed the judgment to Third District Court of Appeal, which affirmed the judgment in an opinion issued on August 28, 1985. The remittitur issued from the Third District on November 21, 1985, rendering the judgment final.

1) Petitioner was found guilty in a Jury Trial under the information alleging that petitioner violated Penal Code Section 209(b), Kidnapping for the purpose of robbery, and sentenced to three Life Sentence's with the Possibility of Parole.

Petitioner is presently incarcerated at the Central Training

1

Facility (CTF), under this judgment.

2) In support of this motion, petitioner will set forth the following facts upon which he will move this court to modify or vacate said sentence.

3) Petitioner alleges that the trial court improperly imposed three consecutive life sentences with the possibility of parole under the Indeterminate Sentencing Law (ISL), which was replaced by the Determinate Sentencing Act (DSL), in 1977 by the California Legislation. (See P.C. §1170 subd.(a)(1)).

Additionally, it is clear that unauthorized or illegal sentence errors are not subject to waiver and are correctable whenever they are discovered. Petitioner alleges that under the Indeterminate Sentencing Act, petitioner's crime is  only punishable by ( Life With the Possibility of Parole ), pursuant to §1168 of the California Penal Code.

4) Petitioner alleges that the Investigative Officer, Criminalist and Sacramento Police Department violated the integrity in preserving and collecting the evidence to be presented to the jury during the trial phase.

5) Petitioner alleges that the trial court improperly denied material and relevant evidence to petitioners defense, specifically the opportunity to submit testimony of another assailant who may have committed these crimes.

6) Petitioner alleges that the misconduct of the prosecution along with the mis-identification of petitioner by the victims combine to violate petitioner's Fourteenth Amendment right to Due Process.

7) Petitioner alleges that his Eighth and Fourteenth Amendment Due Process rights have been abridged by the Trial Court, Prosecution

2

and the Sacramento County Police Department, wherein the trial court did not allow petitioner nor his attorney the opportunity to present evidence of an exculpatory nature, specifically affidavits, pictures and statements of potential witnesses that may have shown another assailant committed these crimes.

8) Petitioner alleges that the prosecution has willfully and maliciously denied petitioner a fair and impartial jury trial, in violation of petitioner's Sixth, Eighth and Fourteenth Amendments Rights to the United States Constitution.

9) Petitioner alleges that he has always maintained his innocence and stated on several occasion that these Kidnappings and robberies were the work of someone other than petitioner. Additionally, petitioner alleges that the true assailant was JIMMY RAY SMITH .

10) Petitioner will put forth factual evidence unknown to petiti- -oner nor his attorney during trial that prove beyond a reasonable doubt that JIMMY RAY SMITH in fact was the assailant of the crime spree that occurred from October 14, 1982 until October 23, 1982.

11) Petitioner alleges that the court erred in refusing to allow defense counsel to discuss other cases of mistaken identification which relate directly to petitioner's claims that the identification of petitioner by the victims were flawed, inconsistent and unreliable.

//
//
//
//
//
//
//

3

STATE OF CALIFORNIA, )
       )
       )
COUNTY OF MONTEREY )

         SS: DECLARATION OF
           FREDERICK BRINKLEY,
           [ APPELLANT ]

 I, herby declare that if called to give sworn testimony, I will affirm:

1. That on October 14, 1982, when Mrs. Vicky Young was Kidnapped petitioner was home with his family. And that the true assailant of this crime was Jimmy Ray Smith. (See Exhibit A)

2. That on October 15, 1982, when Mrs. Lynn Padgett was Kidnapped and Robbed petitioner was either at home or at union hall pursuing employment opportunities. And that the true assailant of this crime was Jimmy Ray Smith. (See Exhibit A).

3. That on October 20, 1982, when Mrs. Karen Lavalsit was Kidnapped and Robbed that petitioner was at the Sacramento Health Center with Mrs. Joann Ware, (See Exhibit B). And that the true assailant of this crime was Jimmy Ray Smith. (See Exhibit A).

4. That on October 21st and 22nd , that petitioner was visiting with his fiance in the hosiptal. (See Exhibit B). And that the true assailant of the crimes of the 21st and 22nd, was Jimmy Ray Smith. (See Exhibit A).

5. That on October 23, 1982, when Mrs. Etta Litz & Debra Bowls were robbed that petitioner was in the custody of the Sacramento Police Department. And that the true assailant of this crime Was Jimmy Ray Smith. (See Exhibit A)

6. Petitioner will put forth additionally evidence, specifically a sworn declaration of a witness that testified that Jimmy Ray Smith committed the crimes that occurred from October 14 thru 23 of 1982,

(See Exhibit C).

7. Petitioner will put forth the <u>sworn</u> declaration of Jimmy McDowell who testified that Jimmy Ray Smith admitted to him that he was in fact the <u>true</u> assailant of the crimes that occurred from October 14 through October 23, 1982, that FREDERICK BRINKLEY IS CURRENTLY IN STATE PRISON FOR. ( See Exhibit D)

8. Petitioner filed a Writ of Coram Nobis/Vobis in the Sacramento County Superior Court, which was denied on May 11, 2006. (See Exhibit F)

9. Petitioner filed in the Third Appellate District on July 20, 2006. The Appellate court denied the writ on August 17, 2006. (See Exhibit G)

10. Petitioner filed in the California Supreme Court on September 28, 2006, the Supreme issued an order remanding the writ back to the Third Appellate District on October 17, 2006.

11. The Third Appellate District denied the writ on October 26, 2006. (See Exhibit H)

12. Petitioner then re-filed in the California Supreme Court on November 6, 2006.

13. The California Supreme Court denied the writ on November 29, 2006. (See Exhibit I)

14. For these reasons I have prepared this Writ of Habeas Corpus and declarations alleging that the California Court of Appeals and the California Supreme Court erroneously affirmed petitioners conviction.

I, declare under peralty of perjury that the foregoing is true and correct. And that this Declaration was excuted at the

5

Correctional Training Facility, in Soledad California.

DATED *Jan. 4, 2007*

RESPECTFULLY SUBMITTED

*Frederick C. Brinkley*

## STATEMENT OF CASE

Petitioner alleges that the October 14, 1982, Kidnapping Robbery of VICKY YOUNG was committed by JIMMY RAY SMITH. Petitioner denies any involvement in the above mentioned kidnapping and robbery of Mrs. Vicky Young. Additionally, petitioner alleges that no physical evid--ence or DNA evidence was presented to the jury as a means of establi--shing petitioner's particpation in this crime.

The State has 'stated' that "petitioner at some point searched the purse of Ms. Young and touched her pocket and removed her watch." Yet, the state offered no physical evidence to the jury which established petitioner's particpation in this crime. The Sacramento County Crimin--alist and Police Department had in their possession item's recovered from the October 14, 1982 crime, such as cigarette butts, hair fibers, skin samples and latent prints that did not test positive for petiti--oner, thus convicting petitioner erroneously.

Furthermore petitioner says that at no point during trial did the state present the jury with any of the collected evidence mentioned aboved, thus violationg petitioner's constitutional right to a fair trial.

Petitioner alleges that the October 14, 1982, Robbery of GISELLE ARROYO and CHERYL SCHMELTZ was committed by JIMMY RAY SMITH. Petitioner denies any involvement in the robberies of Giselle Arroyo and Cheryl Schmeltz. Additionally, petitioner says that Ms. Arroyo testified that the assailant looked 'similar' to petitioner a similar appearance is not positive or obsolute identification. This uncertai--nty on the part of Ms. Arroyo gives credence to petitioner argument that JIMMY RAY SMITH was the true assailant of these crimes.

Ms. Arroyo could not identify petitioner at a live lineup (see RT 282-284).

6

Petitioner alleges that the October 15, 1982, Kidnapping Robbery of LYNN PADGETT was committed by JIMMY RAY SMITH. Petitioner denies any involvement in the above mentioned kidnapping and robbery of Mrs. Lynn Padgett. Additionally, petitioner alleges that the Sacramento County Forensic Criminalist and Police Department had in their posse--ssion item's recovered from the October 15, 1982, crime, such as an automobile, cigarette butts, hair fibers, and skin samples and a volume of finger prints that did not test or prove positive for pet-itioner, thus convicting petitioner erroneously.

Furthermore, petitioner alleges that at no point during trial did the state present the jury with any of the collected evidence mention--ed aboved, violating petitioner's constitutional right to a fair and impartial jury trial.

Petitioner adds that Ms. Padgett gave testimony that the assailant ordered her to slide over so that he could drive her car, yet the Sacramento County Forensic Labortory could not provide any physical evidence establishing petitioner's particpation in this crime. Ms. Padgett herself could not identify petitioner with any certainty (see RT 401-02, 571). Ms. Padgett attended two separate photographic lineups and the results of the first lineup where not disclosed to petitioner nor his attorney.

Petitioner alleges that the October 18, 1982, Robbery of LEO WANNER was committed by JIMMY RAY SMITH. Petitioner denies any invol--vement in the robbery of Mr. Wanner. Petitioner alleges that Mr. Wanner gave testimony that the composite drawing had a 'likeness' to petitioner, this testimony cannot be given any credence, wherein a likeness to petitioner is not positive or absolute identification. Mr Wanner testified that he viewed his assailant for approximately one

minute, this clearly is not enough time to identify or recognize any specific features that may aid in your identification of the assailant.

Petitioner alleges that the October 20, 1982, Kidnapping Robbery of KAREN LAVALSIT was committed by JIMMY RAY SMITH. Petitioner denies any involvement in the above mentioned kidnapping robbery of Mrs. Karen Lavalsit. Addtitionally, petitioner alleges that the Sacramento County Forensic Criminalist and Police Department had in their poss--ession item's recovered from the October 20, 1982, crime that was of paramount importance. These item's included but not limited to the following: "Karen Lavalsit's automobile, cigarette butts, hair fibers, skin samples and a volume of finger prints that did not test or prove positive for petitioner, thus convicting petitioner errone-ously.

Petitioner alleges that the state did not present the jury with any physical or material evidence, wherein Ms. Lavalsit testified herself that the "male assailant took her purse and removed some cash and bank cards." Petitioner alleges that the jury was never presented with any bank cards nor was there any forensic evidence recovered from these alleged bank cards proving positive for petitioner.

Petitioner alleges that the October 23, 1982, Robbery of ETTA LITZ and DEBRA BOWLS was committed by JIMMY RAY SMITH. Petitioner denies any involvement in the above mentioned robbery of Ms. LITZ & Ms. BOWLS petitioner further says that Ms. Litz and Ms. Bowls has never positi-vely identified petitioner as the male perpetrator who drove off with the female assailant.

Petitioner alleges that Officer LAKE willfully and maliciously withheld or destroyed relevant and material evidence pertinent to petitioner's defense. Specifically, his "investigative notes" which

8

contained description's of physical evidence collected in this crime. (See RT 1531, 1538).

Petitioner alleges that Officer Lake's actions violate petitioner Fourteenth Amendment Right to Due Process. Additionally, Officer Lake made a search of petitioner living quarters and found nothing of evidentiary value (See RT 1254), thus giving weight to petitioners claim that Jimmy Ray Smith was the actual Perpetrator of these crimes.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## STATEMENT OF FACTS

Petitioner alleges that on October 14, 1982, the day of the Kidnapping Robbery of VICKY YOUNG that petitioner was home with his family members (See RT 1976-77, 1995).

Petitioner alleges that on October 15th thru the 19th, that petitioner was either at home or at union hall pursuing employment opportunities (See RT 1976).

Petitioner alleges that on October 20, 1982, the day of the Kidnapping Robbery of KAREN LAVALSIT petitioner was at the Sacramento Health Center with Mrs. JOANN WARE. Additionally petitioner says that on October 20, 1982 that he was home attending to his daughter ( See RT 2012).

Petitioner says that on October 21st and 22nd, that petitioner was visiting his fiance in the hospital.

Petitioner alleges that on October 23, 1982 the day of the Robbery of ETTA LITZ and DEBRA BOWLS that petitioner was in the custody of the Sacramento Police Department.

//
//
//
//
//
//
//
//
//
//
//
//

10

I, FREDERICK BRINKLEY, am the petitioner in the above-entitled proceeding. I have read the petition and know it's contents. The contents are true to my knowledge, except as to those matters which are alleged on information and belief to be true.

I, declare under penalty of perjury that the foregoing is true and correct and that this declaration was excuted on *4th day*, at *Soledad* State of California.

x *Frederick C. Brinkley*

11

MEMORANDUM OF POINTS AND AUTHORITIES

ARGUMENT

I

PETITIONER ALLEGES THAT HIS EIGHTH
AND FOURTEENTH AMENDMENT RIGHTS TO
DUE PROCESS UNDER THE UNITED STATES
CONSTITUTION HAS BEEN VIOLATED.

When a judgment of conviction has been affirmed on appeal, a coram nobis/vobis petition must be addressed to the court that affirmed the judgment on appeal (Penal Code § 1265(a); People v. Stanworth 11 Cal.3d 588, 595 fn. 5, abrogated on other grounds in People v. Martinez 20 Cal.4th 255). A trial court has no authority to hear a coram nobis petition, after the judgment on the issue of guilt has been affirmed on appeal.

Petitioner alleges that the State of California has improperly found petitioner guilty of violating Penal Code §209(b), wherein, the state's primary evidence used to convict petitioner of these offenses was all circumstantial.

The Court held in; U.S. VS. MULDERIG, 120 F.3d at 354,

> "Convictions in circumstantial evidence cases
> will be reversed if evidence points equally
> to theory of innocence and guilt."

Clearly, as seen here the prosecutions case was entirely circumstantial, wherein at no point did the Sacramento County Forensic expert or the Sacramento Police Department disclose or present the jury with the cigarette butts, hair fibers, skin samples or finger prints collected from October 14, 1982 through October 23, 1982.

Petitioner alleges that it is fundamental to a fair trial that the defendant be unhampered in the production of witnesses and other evidence in his behalf, and in the presentation of witness and evidence at trial.

12

In the instant case the state did not preserve the chain of evidence (See RT 1531, 1538), in accordance with the United State Constitution and the California Constitution, thus violating petitioner Due Process. (See Vlandis Vs. Kline, 412 U.S. at 441).

Additionally, petitioner alleges that his fundamental right to due process was abridged when the evidence used to convict petitioner did not satisfy the Fourteenth Amendment or the Equal Protection Clause of the United States Constitution.

The court held in; Hughes v. Johnson, 191 F.3d 507,

> "A defendants right to due process is violated when, upon a request for exculpatory evidence, the government conceals evidence that is both favorable to the defendant and material to the defendants's guilt or innocence's."

In the instant case the sufficiency of evidence to support a conviction under the Due Process of the Fourteenth Amendment to the Federal Constitution, or the Due Process Clause of the California Constitution Article I§15, was not satisfied, wherein, the voluminous amount of physical evidence (such as the hair fibers, skin samples and finger prints) were all non-existant to the jury during trial.

Lastly, Petitioner alleges that the state could have proffered some form of physical evidence to the jury considering the totality of evidence gathered or collected in these crimes.

California Jurisprudence 3d §790 pg.542, states in part;

> "Under the due process clauses of both the Federal and California Constitutions, the test of whether evidence is sufficient to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (People v. Berryman 6 Cal.4th 1048).

13

ARGUMENT

II

PETITIONER SAYS THAT HIS EIGHTH AMENDMENT
RIGHT TO DUE PROCESS HAS BEEN VIOLATED
AND HIS SIXTH AMENDMENT RIGHT TO A FAIR
TRIAL

In the instant case petitioner and his attorney attempted to introduce evidence to two other assailant's that may have committed these crimes, (See RT 3171-72), the trial court refused to allow the defense counsel to discuss other cases in which witnesses had been wrong in their identification of the accused.

The court grievously erred, particularly in light of the fact that the entire thrust of the defense was misidentification by prosecution witnesses (People vs. Pangelina, 153 Cal.App.3d 1, 9, 199.) The prejudice of the court's error was very serious.

The Pangelina court held;

> "The use of evidence about other cases of mistaken
> identification "was persuasive" mean of casting doubt
> on the accuracy of the prosecutions testimony."

In the instant case Ms. Young's identification of petitioner at best was inconsistent and flawed. (RT 74, 189).

Petitioner alleges that in the instant case the identification process was so fraught with inconsistencies that the trier of fact should have given the jury a separate instruction on identification. (See CALJIC 6TH ed. No. 2.91)

The court held in (People vs. Palmer 154 C.A.3d 79, 203),

> "A defendant was charged with armed robbery and the only
> evidence against him was the eyewitness identification
> by four victims. None of the victims had any
> expertise in identification or law enforcement
> background and of the six 'positive in-court' identifications, only
> one was preceded by an unequivocal photo-lineup
> identification." (154 C.A.3d at 82 fn. 2).

14

Additionally, petitioner alleges that Ms. Padgett's & Ms. Lavalsits identification was so sketchy unreliable and fraught with inconsistencies it <u>could</u> <u>not</u> support a conviction. (See People vs. Perry 100 Cal.App.3d 251).

The court held in; <u>In Re Corey 230 Cal.App.2d 813, 853</u>,

> "Identification evidence that is so weak as constituting practically no evidence at all must be suppressed."

Petitioner further alleges that the eyewitnesses in-court identification was so unreliable that it violates petitioners right to due process under the Fourteenth Amendment. (See People vs. Fernandez, 219 Cal.App.3d 1379).

Petitioner alleges that the victims in the crimes that occurred from October 14, 1982 through October 23, 1982, could not positively identify petitioner as the assailant.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

15

ARGUMENT

III

PETITIONER ALLEGES THAT THE TRIAL COURT IMPROPERLY
ALLOWED DIRECT AND MATERIAL EVIDENCE PERTINENT TO
PETITIONERS DEFENSE TO BE SUPRESSED AND WITHHELD
FROM THE JURY, IN VIOLATION OF PETITIONER SIXTH
AMENDMENT RIGHT TO A FAIR AND IMPARTIAL JURY TRIAL

Petitioner alleges that Officer Lake, and Kerns had a sworn duty to preserve the evidence collected in these crimes.

California Jurisprudence 3d §202 pg 499, states in part;

> "Law enforcement agencies have a duty under the
> Due Process Clause of the U.S. Constitution
> 14th Amendment to preserve evidence that might
> be expected to play a significant role in the
> suspect's defense."

In the instant case Officer Lake's investigative crime scene and eyewitness notes play a significant role in petitioner's right to a fair jury trial,

Officer Lake questioned BRINKLEY on October 23, 1982 (RT 1530), he took notes during the interview, rather than recording the interview (RT 1530-31).  He compared the finished report with his notes and then destroyed the notes (RT 1531, 1538).

On August 26, 1981, the Supreme Court decided People vs. Mustishaw 29 Cal.3d 733, 175.  Although the court found it unnecessary to make a holding on the issue, the court strongly indicated that Officer Lake's apparent routine practice of destroying his notes for unrecorded interviews was violative of (People vs. Hitch 12 Cal.3d 641, 117).

The HITCH court held;

> The investigator's failure to record the interview
> and their destruction of the handwritten notes,
> however, made it impossible for the defense to verify
> whether the typed transcript reflects the handwritten
> notes or the reality of the interrogation. In this
> this respect the present case closely resembles Hitch
> in which the police preserved the results of the

16

breathalyzer test, but effectively precluded the defendant from verifying the accuracy of those results. (Id. at 755, 175 Cal.Rptr. at 750 [ footnote deleted]. See also People v. Seaton 146 Cal.App.3d 67, 76, n. 6.

It is apparent that Officer Lake chose to ignore this specific warning by the Supreme Court. In this light, a suggestion of bad faith becomes apparent.

In this situation, where Officer Lake's destruction of his notes and failure to record appellants interviews made it impossible for the defense to verify the accuracy of the officer's report, The appellant was prevented from rehabilitating his credibility and showing that the impeachment of their testimony by Officer Lake, bolstered by his report was not to be believed by the jury.

Additionally, the appropriate sanction in this case should have been the exclusion of this report and the exclusion of Officer Lake's testimony that relied on the report under Hitch and People v. Goss 109 Cal.App.3d 443, 167. Because of the 'MANY' identification problems in this case, it is probable that this error of not excluding Officer Lake's report affected the jury's verdict and thus reversal is required.

Petitioner was clearly disadvantaged by the willful destruction of Officer Lake's notes, where he possessed a duty under the scope of evidence that was both exculpatory and of value,, before it was destroyed and was of such a nature that the defendant would be unable to obtain 'comparable evidence' by other reasonable available means.

Surely, petitioner cannot obtain other comparable evidence, that carries the weight of a Law Enforcement Officer's Notes of a crime.

//

//

//

17

IV

Petitioner's alleges that Due Diligence has been
satisfied in the instant case, wherein petitioner
discovered witnesses and declaration's not known
to petitioner or his attorney during trial.

Petitioner now moves this court to grant Coram Nobis/Vobis on his behalf wherein, petitioner has exercised reasonable diligence in discovering facts upon which he relies, which were not known to him at any time substantially earlier that the time of this application.

Petitioner had to be diligent in uncovering these facts which goes to the credibility of petitioner conviction. These facts specifically the Sworn Declaration's were not known to petitioner nor his attorney during trial.

Petitioner went as far as hiring an investigator (Anthony Gane ), (Exhibit E), to uncover these Sworn Declaration's (Exhibits A,B,C,D,), which were unknown to petitioner at the time of trial.

Petitioner alleges that these uncovered facts has great weight on petitioner continued incarceration, and this Writ of Error Coram Nobis permits the court which rendered judgment to reconsider it and give relief from errors of fact. In California, the writ has long been equated with a motion to vacate the judgment. (People v Totari 111 Cal. App.4th 1202, 1207). Also citing People v. Shipman 62 Cal.2d 286, 87.

The writ will properly issue when the petitioner can establish three elements; (1) that some fact existed which, without his fault or negligence, was not presented to the court at the trial and which would have prevented the rendition of the judgment; (2) that the new evidence does not go to the merits of the issues of fact determined at trial; and (3) that he did not know nor could he have, with due diligence,

18

discovered the facts upon which he relies any sooner that the point at which he petitions for the writ. (People v. Totari, supra 111 Cal. App.4th 1202, 1207-1209; People v. Gallardo 77 Cal.App.4th 971).

The writ of error coram nobis/vobis is an appropriate procedure for a postjudgment challenge to a finding of guilt by a jury.

In the instant case petitioner alleges that the trial errors prejudiced him for a fair trial, this cannot be without question, wherein, petitioner was unable to submit evidence that Jimmy Ray Smith (EX.A), was the true assailant of these crimes, thus violating petitioner's fundamental constitutional rights.

In conclusion petitioner moves this court to grant Coram Nobis/Vobis directing petitioner's sentence be set aside or modified.

I, declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on this _4th_ , day of _2007_ , in the State of California.

RESPECTFULLY SUBMITTED

X _Frederick C. Brinkley_

19

# EXHIBIT "A"



EXHIBIT "B"

*GANE INVESTIGATIONS*

Telephone: (916) 448-4417
Fax: (916) 498-6943
e-mail: tgane@pacbell.net

**FREDDIE BRINKLEY**                    **INVESTIGATOR: Tony Gane**

**JOANN WARE: Oak Park Neighborhood Multiservices Center, Department of Human Assistance, 3415 Martin Luther King Blvd. Ware was interviewed on the afternoon of April 14, 2004.**

1. I told Ware that Freddie Brinkley had asked me to question her about her testimony at his trial.

2. Ware was very pleasant and cooperative. She said that she was called to testify at the trial by the prosecution. She couldn't recall their questions, but they might have had to do with character. What she does remember is the question they didn't ask her. "I had expected to testify that Freddie was at the Sacramento Health Center with me visiting my daughter who had undergone surgery. This was at the time, I believe, when one of the crimes occurred. In other words, Freddie couldn't have committed the crime because he was with me. But no one asked me the question, so I never got to testify about it."

3. I asked Ware if her testimony didn't have something to do with Freddie and her daughter going out of town several times including trips when some of the crimes occurred, and didn't she deny those extra trips in court? Ware said she wasn't asked anything about trips with her daughter. "I don't know about trips Freddie made with my daughter."

4. I asked her if she had any information today that would have helped Freddie at his trial. She said only the fact she already mentioned that she was prepared to testify about but was never asked.

5. Ware said that I can contact her again if we have any more questions.

**END OF STATEMENT**

EXHIBIT "C"

## DECLARATION OF ERIC P. COLVIN

I, Eric P. Colvin declare:

1# I AM AN INMATE at old folsom state Prison. serving 25 to life: for a shoplifting Related offense.

1# I Know both fred Brinkley & Jimmy Ray smith, for a life time. Not personal friends; we were all three in prison here at old folsom in 1988 & 89

1# I was present on the main yard when fred confronted Jimmy Ray smith About the charges for which fred is serving time for: Jimmy Ray smith made some damaging Remarks as to the effect: " that he Jimmy Ray didn't mean to cross fred up into this mess.., but he was trying to help a friend of his: by shifting the blame to some other broad or something. william menefee's Girl friend. fred And Jimmy Ray Argued for a moment. And we left...

1# Later in that same year. while working on the same crew. Restoring the old Administration building behind 5-building. Roy Kelly was our supervisor c/o. me And Jimmy Ray smith had further discussions. concerning the fred Brinkley case & the Arguement. Jimmy Ray smith told me yeah he committed those crimes that fred was in here for. And said fuck him, I said that was cold man. And Jimmy Ray Responded with; what do you want me to do? turn myself In so his Ass could go free?"

1# I was later paroled in 1992. And Again I had the unfortunate opport. -unity of be over A friends house on or Around 21 st H & I streets. I spoke to Jimmy Ray Again About fred Brinkley. And Ask him whats up. And Jimmy Ray said fuck that dude. my Reason for pushing the issue was; I Knew Jimmy Ray was infected with the A.I.d.'s H.I.V Virus And was Looking pretty bad. In terms of not living much Longer.

6# I spoke with Jimmy Ray on several occasions concerning specifics of these crimes. Jimmy Ray told me they were Robbery Related crimes. Where he Jimmy Ray put the victims in the trunk. And that one was on broadway by 35th ave.

7# Jimmy Ray smith was a cold character. And it was commonly Known that he Robbed people. And Kept his victims in the trunk of there own cars.

8# Jimmy Ray smith was a very experienced criminal, with a cold callus heart.

9# Fred Brinkley was a. young carefree guy who would not even think of doing something of that nature.

10# And I do personally Remember Jimmy Ray smith driving a few different cars In a Relatively short period of time Around 1980-1981. Nice family Looking cars. And IVE NEVER Known Jimmy Ray smith to own A CAR.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on the 24th day of June x, 2005 at Folsom Prison, Represa, California

Eric B Colvin
Eric P. Colvin

# EXHIBIT "D"

**FREDERICK BRINKLEY**                    **INVESTIGATOR: Tony Gane**

## JIMMY LEE MCDOWELL: X Ref#: 3671. McDowell was interviewed on the sixth floor of the Sacramento County Downtown Jail on the afternoon of 6-3-04.

1. I explained to McDowell that I was hired by the family of Fred Brinkley. I told him that Fred has heard from many people passing through Folsom prison over the years that Jimmy Ray Smith was the one who committed the crimes for which he was convicted. I asked if he remembered a time when he, Fred and Jimmy Ray were all at Folsom prison together, and did he recall telling Fred at that time that Jimmy Ray had told him he was guilty and Fred was innocent?

2. McDowell nodded his head and said, "Jimmy Ray said many times over the years, that Brinkley was in prison for crimes he had committed. He said that he and William Menifee had committed the crimes."

3. I told McDowell that the witnesses testified that a man and a woman committed the crimes together and that Irene Foster had been convicted of being Fred's partner in crime. McDowell said that might be so, but that he recalls Jimmy Ray saying it was he and Menifee who committed the crimes.

4. "That's what Jimmy Ray did; He robbed people. He was just a robber. Jimmy Ray told me he had done it and that Freddie was innocent. Jimmy Ray told everyone he did it and Freddie went to jail for what he did. But then he'd say, 'Fuck it! I'll make him do all the time.' I remember when Jimmy Ray came through Folsom. I'm pretty sure it was 1986 or 1987. Fred asked me to talk to Jimmy Ray to find out if the rumors were true. I spoke to Jimmy Ray and he said they were. But he also said he wasn't going to come forward about it."

5. I asked McDowell if he could recall anything specific about the crimes that would verify that he spoke to Jimmy Ray Smith, things that only the perpetrator would know. The only thing he could recall was odd. "Jimmy Ray said that one time he and Menifee killed a man and put the body in the trunk of a car. Somehow, Freddie borrowed the car to go to the store and didn't realize the body was in the car." Then he also recalled that Jimmy Ray told him that one of the robberies in 1982, "supposedly happened off Broadway somewhere."

6. I told McDowell that Fred said he didn't know Jimmy Ray before he went to prison. "I don't know what Jimmy Ray meant by this, but I remember him saying it."

7. "I have no reason to doubt that Jimmy Ray Smith told the truth when he said he committed the robberies that Freddie was convicted for. While Jimmy Ray was older

than Freddie, he also looked younger than he was for a long time, until the heroin ate him up. They had a passing resemblance to each other."

8. I told McDowell that Fred said people have told him that Jimmy Ray was dating Rene Butler back in the early eighties and perhaps she was the one who committed the robberies with Jimmy Ray. McDowell said that he knew Rene Butler, and, "It's not impossible she was involved, but he only spoke about Menifee to me."

9. According to McDowell, "I would testify about this for Freddie. I know for a fact that he didn't commit the crimes. I heard both Jimmy Ray and Menifee say many times, 'Fuck him!' referring to Freddie. That it was better for them to remain quiet."

10. McDowell said that Menifee died of AIDS around the same time Jimmy Ray Smith did. "I remember thinking when they died, how will this boy prove his innocence now?"

11. Asked if he could think of anyone else still living who might have also heard from Jimmy Ray Smith and William Menifee that Fred Brinkley was innocent. McDowell said the only person he can think of is "Ronnie Bean." He last saw Bean in Oak Park a year ago. Bean is black and about 50 years old.

**END OF STATEMENT**

# EXHIBIT "E"

## DECLARATION OF ANTHONY GANE

I, Anthony H. Gane, declare that:

1) I am a private investigator licensed by the state of California, # 009947. I have been a private investigator specializing in criminal defense since 1980.

2) I was retained by the family of Frederick Brinkley to perform investigation to support Mr. Brinkley's appeal of his conviction.

3) On June 24, 2005, I traveled to the Old Folsom Prison and met with Eric B. Colvin. Mr. Colvin wrote out a declaration using two pages of paper on which I had previously written out the heading "Declaration of Eric P. Colvin," and "I, Eric P. Colvin declare." On the second page, I wrote out the "I declare under the penalty of perjury..." statement and Mr. Colvin's name.

4) I watched Mr. Colvin write out his statement and sign the declaration.

5) I did not realize until after I left the prison and I looked at Mr. Colvin's signature that his middle initial is "B" and not "P" as I had thought.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration is executed on the 2nd of December, 2005 at Sacramento, California.

/2-2-05
Date

Anthony H. Gane

# EXHIBIT "F"

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SACRAMENTO

DATE & TIME: MAY 11, 2006          DEPT. NO.:  14
JUDGE      : EUGENE BALONON         CLERK    :  B. FERGERSON
REPORTER   : NONE                   BAILIFF  :  M. BRISENO

IN RE THE MATTER OF:

FREDERICH BRINKLEY - CASE NUMBER 06F03210

NATURE OF PROCEEDINGS: PETITION FOR WRIT OF CORAM NOBIS/HABEAS CORPUS -
**ORDER**

More than 21 years after the judgment in Sacramento County Superior Court Case No. CR 65039 became final, petitioner has filed the instant petition for writ of coram nobis to challenge that judgment.

Petitioner appealed the judgment to the Third District Court of Appeal, which affirmed the judgment in an opinion issued on August 28, 1985. The remittitur issued from the Third District on November 21, 1985, rendering the judgment final.

When a judgment of conviction has been affirmed on appeal, a coram nobis petition must be addressed to the court that affirmed the judgment on appeal (Penal Code § 1265(a); People v. Stanworth (1974) 11 Cal.3d 588, 595 fn. 5, abrogated on other grounds in People v. Martinez (1999) 20 Cal.4th 225). A trial court has no authority to hear a coram nobis petition, after the judgment on the issue of guilt has been affirmed on appeal (People v. Stanworth (1974) 11 Cal.3d 588, 595 fn. 5, abrogated on other grounds in People v: Martinez (1999) 20 Cal.4th 225).

Thus, it would appear that petitioner has brought the petition in the wrong court. However, petitioner's claims do not lie in coram nobis, which is available only when no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before the rendition of judgment (People v. Waldo (1964) 224 Cal.App.2d 542, 545, overruled on other grounds in People v. Shipman (1965) 62 Cal.2d 226, 233 fn. 3). As none of petitioner's claims meet this requirement, the petition should be construed as a petition for writ of habeas corpus, which the court has authority to address.

IT IS ORDERED that the petition is construed as a petition for writ of habeas corpus, and as so construed, is DENIED.

BOOK       : 14
PAGE       :                        SACRAMENTO COURTS
DATE       : MAY 11, 2006
CASE NO.   : 06F03210
CASE TITLE: In re Frederick Brinkley
DISTRIB.   :               BY B. FERGERSON                    Deputy

The petition for writ of habeas corpus is both successive and untimely. An untimely state habeas corpus petition is an abuse of the writ of habeas corpus, and if unjustified, is barred from habeas corpus review unless (1) it alleges facts which, if proven, would establish that a fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction, (2) the petitioner is presenting newly discovered claims after demonstrating due diligence (In re Robbins (1998) 18 Cal.4th 770, 811-812, 812 fn. 32; In re Clark (1993) 5 Cal.4th 750, 774-775), or (3) the petitioner is claiming that the sentence is unlawful, as an unlawful sentence may be corrected at any time (People v. Welch (1993) 5 Cal.4th 228). Only the following represent a "fundamental miscarriage of justice" for these purposes: (1) an error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner, (2) the petitioner is actually innocent of the crime or crimes of which the petitioner is convicted, (3) the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error or omission no reasonable judge or jury would have imposed the sentence of death, or (4) the petitioner was convicted or sentenced under an invalid statute (In re Robbins, supra, 18 Cal.4th 770, 811-812, 812 fn. 32; In re Clark, supra, 5 Cal.4th 750, 787-798).

Petitioner's first claim is that the trial court improperly imposed three consecutive life sentences under the Indeterminate Sentencing Law, when that law was replaced in 1977 by the Determinate Sentencing Act.

The claim is basically one that the sentence is unlawful, and the correction of an unlawful sentence may be made at any time irrespective of the Robbins/Clark bar (see Welch, supra). However, the claim fails. The crimes were committed in 1982, long after the Determinate Sentencing Act was passed, and petitioner was properly sentenced pursuant to the laws in effect at the time of the commission of his crimes. As the sentence was not unlawful, his claim is barred under Robbins/Clark and fails in any event (see In re Bower (1985) 38 Cal.3d 865).

Petitioner next claims that there was a lack of integrity in preserving and collecting the evidence to be presented at the jury trial. (He gives no further detail,) other than to claim that Officer Lake had destroyed his investigative notes.

BOOK       : 14
PAGE       :                    SACRAMENTO COURTS
DATE       : MAY 11, 2006
CASE NO.   : 06F03210
CASE TITLE: In re Frederick Brinkley
DISTRIB.   :              BY B. FERGERSON                    Deputy

The claim is barred by <u>Robbins/Clark</u>.

Regardless, the claim (fails to state with particularity the facts upon which the petitioner is relying to justify relief) (<u>In re Swain</u> (1949) 34 Cal.2d 300), nor is it supported by reasonably available documentary evidence or affidavits (<u>In re Harris</u> (1993) 5 Cal.4th 813, 827 fn. 5).

Petitioner next claims that the trial court improperly denied material and relevant evidence to petitioner's defense. He also claims that he was denied the opportunity to present exculpatory evidence, resulting in a denial of his Sixth, Eighth, and Fourteenth Amendment rights, which appears to be the same claim. He gives no detail, other than to state that he attempted to introduce evidence that two other persons may have committed the crimes.

The claim is barred by <u>Robbins/Clark</u>, and fails in any event under <u>Swain</u> and <u>Harris</u>.

Petitioner next claims that the misconduct of the prosecution along with the misidentification of petitioner combined to violate petitioner's constitutional rights. He gives no further detail.

This claim was at least partially raised and rejected on October 4, 2002 in petitioner's first habeas petition to this court, in Case No. 02F07526. Petitioner presents no reason to revisit the issue.

Regardless, the claim is barred by <u>Robbins/Clark</u>, and fails in any event under <u>Swain</u> and <u>Harris</u>.

Petitioner next claims that he is innocent and that the crimes were committed by someone else. In support, he attaches hearsay statements from an investigator that are not admissible under the hearsay rules, including multiple hearsay level statements that two other people, both of whom are now dead, were the real culprits. The documentation, <u>as such</u>, is not proper documentation to support his claim.

The claim is barred by <u>Robbins/Clark</u>, and fails in any event under <u>Swain</u> and <u>Harris</u>.

**BOOK**     : **14**
**PAGE**     :                    SACRAMENTO COURTS
**DATE**     : **MAY 11, 2006**
**CASE NO.** : **06F03210**
**CASE TITLE**: **In re Frederick Brinkley**
**DISTRIB.**  :              BY B. FERGERSON _____Deputy

Petitioner also appears to claim that the evidence was insufficient to support the judgment, and speculates that generalized evidence could have been presented had he been guilty but was not presented, which he thinks means that he is innocent.

The claim is barred by Robbins/Clark. It is also barred as a claim that could have been but was not raised on appeal/ (In re Dixon (1953) 41 Cal.2d 756, reaffirmed in In re Harris (1993) 5 Cal.4th 813, 829).

Petitioner also claims that the victim's identification of petitioner was inconsistent and flawed, and that,"…the identification process was so fraught with inconsistencies that the trier of fact should have given the jury a separate instruction on identification." He gives no further detail.

The claim is barred by Robbins/Clark, and fails in any event under Swain and Harris.

The claims are all barred and unsupported in any event, requiring denial of the petition.

DATED: 5-11-0

Honorable EUGENE BALONON,
Judge of the Superior Court of California,
County of Sacramento

BOOK      : 14
PAGE      :                    SACRAMENTO COURTS
DATE      : MAY 11, 2006
CASE NO.  : 06F03210
CASE TITLE: In re Frederick Brinkley
DISTRIB.  :              BY B. FERGERSON _____ Deputy

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(3))

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this action, and on the date shown below I served a copy of the PETITION FOR WRIT OF CORAM NOBIS/HABEAS CORPUS - ORDER, DATED MAY 11, 2006, by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

FREDERICK BRINKLEY
POST OFFICE BOX 689
SOLEDAD, CA 93960

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated: MAY 11,2006

Superior Court of California
County of Sacramento

By: _____
B. FERGERSON, Deputy Clerk

# EXHIBIT "G"

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

## THIRD APPELLATE DISTRICT

# FILED

AUG 1 7 2006

COURT OF APPEAL - THIRD DISTRICT
DEENA C. FAWCETT

BY_____ Deputy

THE PEOPLE,
    Plaintiff and Respondent,

v.

FREDRICK BRINKLEY,
    Defendant and Appellant.

C053260
Sacramento County
No. 65039

BY THE COURT:

The petition for writ of error coram nobis or error coram vobis is denied.

Dated: August 17, 2006

SCOTLAND, P.J.

------------------------------------

cc: See Mailing List

# EXHIBIT "H"

# Court of Appeal of the State of California

## THIRD APPELLATE DISTRICT

# FILED

OCT 2 6 2006

COURT OF APPEAL - THIRD DISTRICT
DEENA C. FAWCETT

BY_____ Deputy

THE PEOPLE,
    Plaintiff and Respondent,

v.

FREDERICK BRINKLEY,
    Defendant and Appellant.

C053898
Sacramento County
No. 65039

BY THE COURT:

    The petition for writ of *error coram nobis* or *error coram vobis* is denied. (*Hagan v. Superior Court* (1962) 57 Cal.2d 767, 770-771.)

Dated: October 26, 2006

SCOTLAND, P.J.

------------------------------------

cc: See Mailing List

# EXHIBIT "I"

S147793

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

THE PEOPLE, Petitioner and Respondent,

v.

FREDERICK BRINKLEY, Petitioner.

Petition for writ of error corum nobis or vobis is DENIED.

SUPREME COURT
F I L E D

NOV 29 2006

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
_____
Chief Justice

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I,     FREDERICK BRINKLEY          , declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

P.O. BOX 689 F-332 , CDCR #: C-79499
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #:   F-332
SOLEDAD, CA 93960-0689.

On  December 28, 2006,     , I served the attached:

WRIT OF HABEAS CORPUS

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

STATE OF CALIFORNIA
OFFICE OF THE ATTORNEY GENERAL
455 GOLDEN GATE AVE.
SAN FRANCISCO, CALIF

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on DECEMBER 28, 2006 .

*Frederick C. Brinkley*
Declarant

CLOSED, E-Filing, HABEAS, ProSe, TRANSF

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00350-MJJ
### Internal Use Only

Brinkley v. Curry
Assigned to: Hon. Martin J. Jenkins
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 01/18/2007
Date Terminated: 07/17/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Petitioner**

**Frederick Brinkley**

represented by **Frederick Brinkley**
Correctional Training Facility F-332
Prisoner Id C-79499
P.O. Box 689
Soledad, CA 93960
PRO SE

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By SHEILA RASH
Deputy Clerk
Date JUL 2 0 2007

V.

**Respondent**

**Ben Curry**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/18/2007 | ●1 | PETITION for Writ of Habeas Corpus; no process (Filing fee: IFPP). Filed by Frederick Brinkley. (slh, COURT STAFF) (Filed on 1/18/2007) (Entered: 01/22/2007) |
| 01/18/2007 | ●2 | MOTION to Appoint Counsel filed by Frederick Brinkley. (slh, COURT STAFF) (Filed on 1/18/2007) (Entered: 01/22/2007) |
| 01/18/2007 | ●3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (slh, COURT STAFF) (Filed on 1/18/2007) (Entered: 01/22/2007) |
| 02/16/2007 | ● | Filing fee received: $ 5, receipt number 34611003093. (slh, COURT STAFF) (Filed on 2/16/2007) (Entered: 02/20/2007) |
| 02/20/2007 | ● | Filing fee received: $ 5.00, receipt number 34611003148. (slh, COURT STAFF) (Filed on 2/20/2007) (Entered: 02/22/2007) |
| 02/20/2007 | ●4 | MOTION for Leave to Proceed in forma pauperis filed by Frederick Brinkley. (slh, COURT STAFF) (Filed on 2/20/2007) (Entered: |

| | | |
|---|---|---|
| | | 02/22/2007) |
| 02/27/2007 | ●5 | Letter dated 2/8/07 from Frederick Brinkley re filing fee. (slh, COURT STAFF) (Filed on 2/27/2007) (Entered: 03/01/2007) |
| 05/11/2007 | ●6 | ORDER RE ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES: Case designated for electronic filing. Effective immediately all represented parties will e-file their submissions to the court. Represented parties will be required to serve paper copies by mail on unrepresented parties. Unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge. Signed by Chief Judge Vaughn Walker dated 5/11/07. Copy mailed to counsel of record. (slh, COURT STAFF) (Filed on 5/11/2007) (Entered: 05/18/2007) |
| 07/17/2007 | ●7 | ORDER TRANSFERRING CASE. Case transferred to Eastern District of California. Court defers decision on Petitioner's Motion for Appointment of Counsel for the decision by E.D.Ca. Application for Leave to Proceed In Forma Pauperis DENIED as moot. Clerk to transfer matter. Signed by Judge Martin J. Jenkins on 7/11/07. (Attachments: # 1 Certificate of Service)(epb, COURT STAFF) (Filed on 7/17/2007) (Entered: 07/17/2007) |
| 07/17/2007 | ●8 | Certified copy of docket sheet, transfer order, and original documents sent to USDCC, Sacramento. (slh, COURT STAFF) (Filed on 7/17/2007) (Entered: 07/20/2007) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**FILED**

JUL 2 3 2007

**FILED**

FEB 2 0 2007

FREDERICK BRINKLEY

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY CLERK



RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff,

v.

BEN CURRY, WARDEN

Defendant.

)
)
)
)
)
)
)
)
)
)

CASE NO. C 07 0350 MJJ (PR)

PRISONER'S
IN FORMA PAUPERIS
APPLICATION

2:07 - CV - 1 4 8 2 WBS KJM HC

I, **Frederick Brinkley** , declare under penalty of perjury that I am the plaintiff in the above entitled case and that the information I offer throughout this application is true and correct. I offer this application in support of my request to proceed without being required to prepay the full amount of fees, costs or give security. I state that because of my poverty I am unable to pay the costs of this action or give security, and that I believe that I am entitled to relief.

In support of this application, I provide the following information:

1.  Are you presently employed?    Yes _____    No X_____

If your answer is "yes," state both your gross and net salary or wages per month, and give the name and address of your employer:

Gross: _____**N/A**_____    Net: _____

Employer: _____**N/A**_____

If the answer is "no," state the date of last employment and the amount of the gross and net salary and wages per month which you received. (If you are imprisoned, specify the last place of employment prior to imprisonment.)

rev. 7/99                          2

7.  Do you have a bank account?  (If you are a prisoner, include funds in your prison account, and provide the certificate attached, signed by an officer of the prison.)

Yes _____  No _x____

Name(s) and address(es) of bank: _____

_____

Present balance(s):  $ _____

Do you own any cash?  Yes _____  No _X___  Amount:  $ _____

Do you have any other assets?  (If "yes," provide a description of each asset and its estimated market value.)  Yes _____  No _____

**N/A**
_____

8.  What are your monthly expenses?

Rent:  $ _____  Utilities:  _____

Food:  $ _____  Clothing:  _____

Charge Accounts:

| Name of Account | Monthly Payment | Total Owed On This Account |
|---|---|---|
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |

9.  Do you have any other debts?  (List current obligations, indicating amounts and to whom they are payable.)

**NONE**
_____

_____

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in the dismissal of my claims.

| DATE | SIGNATURE OF APPLICANT |
|---|---|

4

Feb 8, 2007

Dear Clerk of the Court,

ENCLOSED Please find A Check in the Amount of #5.00 for filing fee in Brinkley v Curry Case II C070350 MJJ.

Thank you for your ATTENTION to this matter.

Sincerely,

Frederick Brinkley

Frederick C. Brinkley

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611003093
Cashier ID: nudot
Transaction Date: 02/16/2007
Payer Name: Phil Angelides, Treasurer
--------------------------------------
WRIT OF HABEAS CORPUS
For: Frederick Brinkley, #C79499
Case/Party: D-CAN-3-07-CV-000350-001
Amount:         $5.00
--------------------------------------
CHECK
Check/Money Order Num: 203-432394
Amt Tendered:  $5.00
--------------------------------------
Total Due:       $5.00
Total Tendered:  $5.00
Change Amt:      $0.00

MJJ (PR)


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.

File Copy
Receipt for Case No. _C 07-3570 mjj_

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611003148
Cashier ID: buckles
Transaction Date: 02/20/2007
Payer Name: state of california
------------------------------------
WRIT OF HABEAS CORPUS
 For: frederick brinkley
 Amount:        $5.00
------------------------------------
CHECK
 Check/Money Order Num: 203-432393
 Amt Tendered:  $5.00
------------------------------------
Total Due:      $5.00
Total Tendered: $5.00
Change Amt:     $0.00

c07-350mjj


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it  was drawn.
```

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ORIGINAL
FILED

JAN 18 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dear Sir or Madam:

Your petition has been filed as civil case number **C 07 0350**

**MJJ (PR)**

Your petition is deficient because:

1. ___✓___ You did not pay the appropriate filing fee of $5.00. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's In Forma Pauperis Application in its entirety.

2. _____ The In Forma Pauperis Application you submitted is insufficient because:

_____. You did not use the correct form. You must submit this court's current Prisoner's In Forma Pauperis Application.

_____ Your In Forma Pauperis Application was not completed in its entirety.

_____ You did not sign your In Forma Pauperis Application.

_____ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

_____ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

_____ Other _____

Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning:** If you do not respond within **THIRTY DAYS** from the filing date stamped above, your action will be dismissed and the file closed.

Sincerely,
RICHARD W. WIEKING, Clerk,

By _____
Deputy Clerk

rev. 4/01

BRINKLEY

CERTIFICATE OF FUNDS

IN

PRISONER'S ACCOUNT


I certify that attached hereto is a true and correct copy of

the prisoner's trust account statement showing transactions of

__Frederick Brinkley__ for the last six months at
[prisoner name]

__Correctional Training Facility__ where (s)he is confined.
[name of institution]

I further certify that the average deposits each month to this

prisoner's account for the most recent 6-month period were $_____

and the average balance in the prisoner's account each month for

the most recent 6-month period was $_____.


Dated:_____    _____
                      Authorized officer of the institution

**UNITED STATES DISTRICT COURT**
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

July 20, 2007

U.S. District Court
Eastern District of California
501 I Street
Sacramento, CA 95814

RE: CV 07-00350 MJJ  FREDERICK BRINKLEY-v-BEN CURRY

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

✔    Certified copy of docket entries.

✔    Certified copy of Transferral Order.

✔    Original case file documents.

✔    Please access the electronic case file for additional pleadings you may need.  See the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by: Sheila Nash
Case Systems Administrator

Enclosures
Copies to counsel of record