IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK BRINKLEY,

        Petitioner,               No. CIV S-07-1482 WBS KJM P

    vs.

BEN CURRY, Warden,

        Respondent.         <u>ORDER TO SHOW CAUSE</u>

                                /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

        Petitioner challenges his 1983 conviction for kidnaping for the purpose of robbery. He alleges, among other things, that he is factually innocent and that one Jimmy Ray Smith, now deceased, committed the crimes of which petitioner is convicted.

I. <u>The Statute Of Limitations</u>

        One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

1

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

   It appears that petitioner did not seek a petition for review in the California Supreme Court following the Court of Appeal's denial of his appeal; he lists November 21, 1985 as the day the judgment became final with the issuance of the remittitur from the Court of Appeal. It appears that the statute of limitations expired in 1987. The current petition is not timely.

   The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). However, a state collateral attack filed after the statute of limitations has expired does not revive the limitations period. Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003). It appears that petitioner's state collateral attacks were not filed until 2006.

   The discovery of "the factual predicate" of a claim may give rise to a new limitations period. Hasan v Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001). Petitioner has submitted the declaration of Eric Colvin, who avers that he learned of Smith's involvement in

1    1988 or 1989; Mr. Colvin does not say when he provided this information to petitioner.  Pet.,
2    Ex. C; see also id., Ex. D (interview with Jimmy Lee McDowell).  Petitioner will be given the
3    opportunity to submit information showing when he learned that Smith admitted committing the
4    crimes with which petitioner was charged.

5         Finally, petitioner claims he is innocent.  In Schlup v. Delo, 513 U.S. 298, 314-15
6    (1995), the Supreme Court held that a habeas petitioner who makes "a colorable showing of
7    actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to
8    have "otherwise barred constitutional claim[s]" considered on the merits.  The Ninth Circuit has
9    suggested that a sufficient Schlup showing might overcome the bar of the statute of limitations.
10   Majoy v. Roe, 296 F.3d 770, 775-76 (9th Cir. 2002).  Ultimately, it is petitioner's burden to
11   demonstrate actual innocence.  Jaramillo v. Stewart, 340 F.3d 877, 883 (9th Cir. 2003).

12        The Supreme Court has recognized that this exception to the statute of limitations
13   is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence
14   not presented at trial.  Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559
15   (1998).

16        Once petitioner has presented such evidence, a court must consider the new
17   evidence in light of the evidence as a whole, and must determine whether in light of all the
18   evidence, it is more likely than not that no reasonable juror would have found petitioner guilty
19   beyond a reasonable doubt.  Doe v. Menefee, 391 F.3d 147, 166 (2d Cir. 2004), cert. denied, 546
20   U.S. 961 (2005).

21        Petitioner has presented one declaration and one report of an interview, but
22   nothing from his trial suggesting the strengths or weaknesses of the evidence.  He will be given
23   an opportunity to do so.

24   /////
25   /////
26   /////

      Accordingly, IT IS HEREBY ORDERED that:

      1. Within thirty days of the date of this order, petitioner show cause why his petition should not be dismissed for untimeliness.

      2. Petitioner's January 18, 2007 request for the appointment of counsel is denied.

DATED:  November 16, 2007.

_____
U.S. MAGISTRATE JUDGE

2

tayl0336.osc