UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FREDERICK BRINKLEY,

        Petitioner,

    vs.

BEN CURRY, Warden,

        Respondent.

No. CIV-S-07-1482-JLQ

ORDER DIRECTING RESPONSE BY PETITIONER AND TO FURNISH COPY OF PETITION

     The court is in receipt of a copy of the Petitioner's letter dated March 31, 2009 requesting a copy of his habeas corpus petition found in Clerk's Record (C.R.) # 1. That request is Granted.

     The Petitioner filed this action in the United States District Court for the Northern District of California on January 18, 2007, challenging his 1983 conviction in California state court of kidnaping for the purpose of robbery. This belated federal petition was thereafter transferred to this District since the underlying conviction took place in a state court situate in this District. On November 16, 2007, Judge Kimberly J. Mueller of this court, entered an Order To Show Cause advising the Petitioner of the one year statute of limitation set forth in the Antiterroism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244. Judge Mueller's Order directed the Petitioner to show cause why his Petition should not be denied since more than one year had expired since his direct appeal of his conviction was denied. There is no evidence of any response to that Order. However, to ensure that the Petitioner received a copy of that Order and to afford the

ORDER - 1

Petitioner the opportunity to show cause why his Petition should not be denied due to its untimeliness, this court will afford the Petitioner a final opportunity to respond.

The Petitioner directly appealed his state court conviction to the California Court of Appeals which was adversely concluded as to the Petitioner in 1985. Apparently, he did not seek review by the California Supreme Court of the action of the Court of Appeals. It appears his right to seek relief in this court expired in 1987. He now realleges that errors were committed during his 1983 trial that should be the basis for the granting of his Petition. Obviously, such claims are precluded due to the expiration of the statute of limitations set forth in the AEDPA.

Secondly, it appears that the Petitioner may be contending that he is actually innocent by reasons of statements allegedly made some five years after Brinkley's conviction by a fellow prisoner, now deceased, Jimmy Ray Smith, that it was he (Smith) rather than the Petitioner who committed the crime(s) of which the Petitioner was convicted. His petition seeking relief from the California state courts based upon these alleged statements by the deceased fellow prisoner have been denied. While the AEDPA precludes any federal claim by the Petitioner as to trial errors during the 1983 trial, "in certain exceptional cases involving a compelling claim of actual innocence, the state procedural bar is not a bar to a federal habeas corpus petition." *House v. Bell*, 547 U.S. 518, 521 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995). As set forth in the foregoing Supreme Courts case, to establish actual innocence as a gateway to defaulted claims, it must be established that "in light of new evidence 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'." *Bell* @ 537. To establish the gateway claim, the new evidence must be both credible and new *reliable* evidence such a scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented the initial trial. *Schlup* @ 324. The difficulty with the new evidence claim in this matter is that there is nothing to suggest that the hearsay testimony of witnesses who allegedly heard Jimmy Ray Smith admit the offenses

ORDER - 2

would be admissible at trial.  Even if it was determined under some evidentiary rule, not apparent to this court, that Smith's alleged confession to other prisoners would be admissible, this court is unable to categorize or find such testimony to be of such a reliable nature as would constitute such an exceptional circumstance that would result in no juror finding Brinkley guilty.  For these reasons, it is apparent to this court that the Petitioner's actual innocence claim based upon hearsay testimony of Smith's alleged statements is insufficient to warrant relief as sought by the Petitioner.

However, prior to denying the Petition, the court will afford the Petitioner an opportunity to show cause, in writing, why the court's views of lack of merit in the Petition are in error.  The Petitioner may file his position within thirty days from the date of mailing of this Order to him.  The court will also direct the Clerk of this court to include in this mailing a copy of Judge Mueller's November 16, 2007 Order To Show Cause (C. R. 4).

The Clerk of this court shall enter this Order and forward copies of this Order, his habeas corpus petition, and Judge Mueller's November 16, 2007 to the Petitioner Frederick C. Brinkley at his last known address.

**DATED** this 9th day of April 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3