1

2

3

4
<br>
UNITED STATES DISTRICT COURT

5
<br>
EASTERN DISTRICT OF CALIFORNIA

6
FREDERICK BRINKLEY,

7
                          Petitioner,                    NO. CV-S-07-1482-JLQ

8

9
v.                                                       **ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

10
BEN CURRY,

11

12
                          Respondent.

13
      **BEFORE THE COURT** is Mr. Frederick Brinkley's ("Brinkley") untimely pro se

14
Petition for Writ of Habeas Corpus (Ct. Rec. 1), pursuant to 28 U.S.C. § 2254.  Mr.

15
Brinkley's sole claim is that he is actually innocent of the crime of his underlying

16
conviction, based on the discovery of allegedly new, reliable evidence.

17
                                   I.  Introduction

18
A.  Facts

19
      In 1983, Mr. Brinkley was convicted of kidnapping for the purpose of robbery in

20
California state court.  The details of the convictions are not relevant to the court's

21
consideration of the new, allegedly reliable evidence presented by the Petitioner.

22
Generally, Mr. Brinkley was convicted and sentenced to three life terms with the

23
possibility of parole for the kidnapping and robbery of eight different individuals

24
between October 14 and October 23, 1982.  Mr. Brinkley now contends that he is

25
actually innocent, and the actual perpetrator of these crimes was Jimmy Ray Smith

26
("Smith"), now deceased.

27
B.  Procedural History

28
      Mr. Brinkley directly appealed his conviction to the California Court of Appeals,

ORDER - 1

and this appeal was denied in 1985.  No further appeal was taken at that time.  Mr. Brinkley filed this action in the United States District Court for the Northern District of California on January 18, 2007.  This belated Federal petition was thereafter transferred to this District since the underlying conviction took place in a state court situated therein. On November 16, 2007, Judge Mueller entered an Order to Show Cause (Ct. Rec. 7) advising Petitioner of the one year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.  Nothing having been filed, the court entered a further Order Directing Response (Ct. Rec. 15), and extended the time for Mr. Brinkley to respond on several occasions (Ct. Recs. 17, 19).  Mr. Brinkley filed a lengthy response (Ct. Rec. 20) to the court's Show Cause Order on July 10, 2009.

Mr. Brinkly was ordered to show cause as to why his Petition should not be dismissed as untimely.  Specifically, Mr. Brinkley was ordered to show cause as to why this exceptional remedy should be granted; namely why the court would be in error to find that the allegedly new evidence is hearsay, unreliable, and unpersuasive to a reasonable juror.

## II.  Standard of Review

28 U.S.C.  § 2244 reads in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . "

## III.  Discussion

Mr. Brinkley did not petition the California Supreme Court following the Court of Appeals' denial of his appeal. He lists November 21, 1985 as the day his sole California state court appeal became final.  Ct. Rec. 7, 2:14-17.  Accordingly, Mr. Brinkley's petition is facially untimely.

Mr. Brinkley asserts, however, that he is actually innocent of the underlying crime for which he was convicted.  The Supreme Court has held that a habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred Constitutional claim[s]"

considered on their merits. *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

Under the actual innocence exception to the procedural bar rule, habeas petitioners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *House v. Bell,* 547 U.S. 518, 536-37 (2006), citing *Schlup*, 513 U.S., at 327.  "[I]t bears repeating that the *Schlup* standard is demanding and permits review only in the extraordinary case. *House*, 547 U.S., at 538; see also *Schlup,* 513 U.S., at 324 (emphasizing that "in the vast majority of cases, claims of actual innocence are rarely successful").  To establish the gateway claim, the new evidence must be both credible and new, reliable evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at the initial trial. *Schlup*, 513 U.S., at 324.

Mr. Brinkley has not carried his burden of showing cause as to why the new evidence warrants exercise of the exceptional remedy of allowing a drastically untimely petition for habeas relief to proceed to the merits.  First, the new evidence cannot be considered reliable, as it is nothing more than prison rumors, relayed from the now-deceased Mr. Smith to other inmates. Ct. Rec. 20, 17:4-7.  Secondly, the statements are hearsay.  Mr. Brinkley relies on *Chia v. Cambra*, 360 F.3d 997 (9th Cir. 2004) for the proposition that the new evidence would not be excluded as hearsay.  This reliance is misplaced, however, as the exculpatory, out of court statements made in that case inculpated the declarant to a greater degree, and were therefore found reliable under that unique factual circumstance which is distinguishable from Mr. Brinkley's case.  *Id.,* 360 F.3d, at 1005-06.  Lastly, the court cannot conclude that even if Smith's alleged confession to other prisoners were admitted, it would be viewed as being so reliable that no reasonable juror could find Mr. Brinkley guilty, when considered against the evidence used to find him guilty.

ORDER - 3

IV.  Conclusions

Mr. Brinkley has not carried his burden of showing cause as to why the new evidence warrants exercise of the exceptional remedy of allowing a drastically untimely petition for habeas relief to proceed to the merits.  The court finds that Mr. Brinkley has not made a colorable showing of actual innocence meriting disregard of the one year statute of limitations under 28 U.S.C. § 2244.  Accordingly,

**IT IS HEREBY ORDERED**:

Mr. Brinkley's Petition for Writ of Habeas Corpus (Ct. Rec. 1) is **DENIED**.

The Clerk is hereby directed to enter this Order, enter judgment in accordance herewith, furnish copies to counsel and Mr. Brinkley, and close the case file.

**DATED** this 30th  day of October, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4