UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BRINKLEY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>BEN CURRY,<br><br>　　　　　Respondent. | NO. CV-S-07-1482-JLQ<br><br>**ORDER GRANTING CERTIFICATE OF APPEALABILITY** |

**BEFORE THE COURT** is Mr. Brinkley's pro se Motion for Certificate of Appealability (Ct. Rec. 25) pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1). Rule 22(b)(1) provides:

> In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district court judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

"A certificate of appealability may issue . . . only of the applicant has made a substantial showing of the denial of a constitutional right. The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required . . . " 28 U.S.C. § 2253(c)(2)-(3). "Under the controlling standard, a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

ORDER - 1

U.S. 322, 336 (2003)(internal citations and quotations omitted).

In the Order denying Mr. Brinkley habeas relief (Ct. Rec. 22), this court found that Mr. Brinkley had not carried his burden of showing cause as to why the new evidence warranted exercise of the exceptional remedy of allowing his most untimely petition for habeas relief to proceed to the merits. The Supreme Court has held that a habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred Constitutional claim[s]" considered on their merits. *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

This court, though declining to grant Mr. Brinkley the relief he sought in his petition, has determined that reasonable jurists could debate whether or not Mr. Brinkley made a colorable showing of his actual innocence of the underlying crime of conviction, thereby warranting consideration of his claim on the merits. Accordingly,

**IT IS HEREBY ORDERED**:

1. Mr. Brinkley's Motion for Certificate of Appealability (Ct. Rec. 25) is **GRANTED**.

2. Pursuant to 28 U.S.C. § 2253(c)(3), the court hereby certifies the following issue for appeal:

> Whether the new evidence presented by Mr. Brinkley represents a colorable showing of actual innocence warranting consideration of the merits of his untimely petition for habeas relief.

The Clerk is hereby directed to enter this Order, furnish copies to counsel and Mr. Brinkley, and forward this certificate, along with the case file and notice of appeal, to the Ninth Circuit Court of Appeals.

**DATED** this 21st day of December, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2